8

**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
DAVID A. TAYLOR (Cal. Bar No. 247433)
(dtaylor@kbkllp.com)
THOMAS B. RUPP (Cal. Bar No. 278041)
(trupp@kbkllp.com)
101 Montgomery Street, Suite 1950
San Francisco, California 94104
Telephone:　(415) 496-6723
Facsimile:　(650) 636-9251

*Attorneys for Debtor*
*Home Tax Service of America, Inc.*

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>MISCELLANEOUS PROCEEDING,<br><br>　　　　Debtor. | MP No.<br><br>Adv. No.<br><br>DCN: KBK-1 |
| Estate of BRAD DRIVER, by and through the Personal Representative and Administrator of his estate, MARIAH DRIVER,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>SETH PETER WELLISCH; and DOES 1-20, inclusive,<br><br>　　　　Defendants. | |

**NOTICE OF REMOVAL OF LAWSUIT PENDING IN SUPERIOR COURT FOR THE STATE OF CALIFORNIA, SACRAMENTO COUNTY, TO BANKRUPTCY COURT PURSUANT TO 28 U.S.C. § 1452 AND FED. R. BANKR. P. 9027(A)**

**TO PLAINTIFF, DEFENDANTS, AND THEIR COUNSEL OF RECORD:**

Home Tax Service of America, Inc. (the "Debtor" or "Home Tax"), a debtor and debtor in possession in chapter 11 cases jointly administered before the United States Bankruptcy Court for the Northern District of California (Santa Rosa Division) (the "Northern District Bankruptcy Court"), Lead Case No. 24-10545 (CN), (as further defined below, the "Chapter 11 Cases"), hereby removes this action against Seth Peter Wellisch ("Mr. Wellisch") – *Estate of Brad Driver, by and through his Personal Representative, and Administrator of his estate, Mariah Driver v. Seth Peter Wellisch, et al.*, Case. No. 25CV023179 (the "Action"), formerly pending in the Superior Court of California, County of Sacramento (the "Superior Court") – pursuant to 28 U.S.C. § 1452, Federal Rule of Bankruptcy Procedure 9027(a), and Local Rule 9027-1 and will give notice of such removal as described further below.

## I.  THE CHAPTER 11 CASES

1. On August 6, 2024, Windscape Apartments, LLC filed a voluntary petition for relief under chapter 11 of the United States Code (the "Bankruptcy Code") with the Northern District Bankruptcy Court.

2. On September 12, 2024, LeFever Mattson, a California corporation ("LeFever Mattson") and 57 affiliated entities, including Home Tax (collectively, the "September 12 Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3. On October 2, 2024, Pinewood Condominiums, LP and Ponderosa Pines, LP, both affiliates of LeFever Mattson, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "October 2 Debtors," and collectively with Windscape Apartments, LLC and the September 12 Debtors, the "Debtors").[1]

4. On November 22, 2024, LeFever Mattson filed an involuntary chapter 11 petition against Kenneth W. Mattson ("Mr. Mattson") (the "Mattson Involuntary Case"), and LeFever Mattson and Windtree, LP, another debtor, filed an involuntary chapter 11 petition against KS Mattson Partners, LP ("KSMP"). Both cases are also pending before the Northern District

---

[1] "Debtors" does not include Live Oak Investments, LP.

**KELLER BENVENUTTI KIM LLP**
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

Bankruptcy Court. An Order for Relief was entered against KSMP on June 9, 2025. An Order for Relief was entered against Mr. Mattson on September 2, 2025.

5. The bankruptcy cases of the Debtors and KSMP are being jointly administered for procedural purposes under Lead Case No. 24-10545 (CN) (the "Chapter 11 Cases").

6. The Debtors and KSMP have filed a chapter 11 plan that, if confirmed, would provide for the substantive consolidation of all assets of, and claims against, their bankruptcy estates.

## II. THE ACTION IS RELATED TO THE CHAPTER 11 CASES

### a. Nature of the Action

7. On September 30, 2025, the Estate of Brad Driver, by and through the Personal Representative and Administrator of his estate, Mariah Driver ("Plaintiff") filed the Complaint in this Action against Mr. Wellisch and twenty unnamed Defendant DOES in the Superior Court (attached hereto as **Exhibit A** (the "Complaint")).

8. The Action relates to a piece of real property at 47 and 49 Natoma Street, Folsom, California, co-owned by Plaintiff (the "Natoma Property"). Compl. ¶¶ 1, 11. Plaintiff seeks damages relating to the Natoma Property's maintenance (or alleged lack thereof). Plaintiff alleges that Debtor Home Tax, doing business as LeFever Mattson Property Management, entered an agreement to manage the Natoma Property on January 11, 2013. *Id.* ¶ 2. Home Tax allegedly was obligated to retain a California-licensed real estate broker to serve as its property manager for the Natoma Property. *Id.* ¶ 3. Home Tax also allegedly designated Mr. Wellisch and unnamed DOES 1 to 20 as the licensed real estate broker in charge of property management under a property management contract to which Mr. Wellisch, unnamed DOES 1 to 20, and Plaintiff were parties. *See id.* ¶¶ 3–4, 12, 44, 58.[2]

9. Allegedly, Debtor Home Tax's designated property management officer and team, Mr. Wellisch and unnamed DOES 1 to 20, owed and breached fiduciary duties to Plaintiff by failing to respond to a July 10, 2024 letter from the Central Valley Water Board, to rent or market

---

[2] To be clear, Home Tax never entered into a property management agreement with Plaintiff or with any other tenants in common of the Natoma Property and reserves the right to argue accordingly going forward.

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

the Natoma Property, to ensure proper insurance coverage, and to provide timely accounting before Mr. Wellisch's departure from the role of Home Tax's officer on December 2, 2024. *Id.* ¶¶ 8–10, 23–24. Plaintiff also asserts a claim of concealment for alleged failure to disclose the Central Valley Water Board letter. *Id.* ¶ 32. Plaintiff further claims breach of contract, negligence, and unjust enrichment arising from the same conduct. *Id.* ¶¶ 44–46, 52–54, 58–61. Plaintiff seeks punitive damages, attorneys fees, costs, special damages, and restitution. *Id.* at 11.

10. Relatedly, on October 25, 2024, Plaintiff sued KSMP in the Superior Court, seeking the partition and sale of the Natoma Property. *See* Complaint, *Estate of Brad Driver, by and through his Personal Representative, and Administrator of his estate, Mariah Driver v. KS Mattson Co. LLC, et al.*, Case No. 24CV021784 (Cal. Super. Ct., Sacramento Cnty. Oct. 25, 2024) (attached hereto as **Exhibit G** (the "Partition & Sale Complaint")) (the "Partition & Sale Action"). The Partition & Sale Action was stayed by the filing of the involuntary bankruptcy petition against KSMP on November 22, 2024, one of the Chapter 11 Cases. Plaintiff has sought relief from the automatic stay in KSMP's Chapter 11 Case for the Partition & Sale Action to proceed. KSMP, which consented to entry of an order for relief on June 9, 2025, has not opposed or otherwise responded to that motion, which has been continued several times and is next set for hearing on January 23, 2026. The Partition & Sale Action will remain stayed unless and until the Northern District Bankruptcy Court lifts or otherwise modifies KSMP's automatic stay to allow it to proceed.

### b. Relation to the Chapter 11 Cases

11. There is no question that this Action is not only "related to" Debtor Home Tax and the Chapter 11 Cases but necessarily involves the Debtor and directly affects the Debtor's estate. Plaintiff alleges that the Debtor was contractually obligated to retain a California-licensed real estate broker to serve as the Natoma Property's manager. Compl. ¶¶ 2–3.[3] Plaintiff moreover

---

[3] Home Tax disputes, but Plaintiff seems to imply that Plaintiff was a party to a contract with Home Tax, under which Home Tax allegedly retained Mr. Wellisch and unnamed DOES 1 to 20 to serve as the real estate property management of the Natoma Property. *See* Compl. ¶ 58 ("Defendants [Mr.] Wellisch and DOES 1 to 20 and Plaintiff were parties to the contract where Defendants [Mr.] Wellisch and DOES 1 to 20 served as the designated real estate broker to provide Plaintiff with management of [the Natoma Property]"). Plaintiff also alleges that "Home Tax Service of America, Inc. dba LeFever Mattson Property Management entered into an agreement

**KELLER BENVENUTTI KIM LLP**
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

alleges that Mr. Wellisch was the "Designated Licensed Officer of Home Tax" "charge[d] with management of the [Natoma Property]." *Id.* ¶ 12.[4]

12.     Mr. Wellisch, as a former officer of Home Tax, is an insured under Home Tax's Directors and Officers Liability Insurance (the "<u>D&O Insurance</u>").  Indeed, Home Tax has tendered this Action to its insurer.  Courts routinely hold that the proceeds of such a policy are an asset of a debtor's estate and therefore protected by the automatic stay.  *See, e.g.*, *In re Minoco Group of Cos*., 799 F.2d 517, 519 (9th Cir. 1986); *Groshong v. Sapp (In re MILA, Inc.)*, 423 B.R. 537, 542–45 (B.A.P. 9th Cir. 2010) (citing same); *In re Cybermedica, Inc.*, 280 B.R. 12, 17 (Bankr. D. Mass. 2002) ("D&O insurance proceeds are property of the estate" (also citing *Minoco*, 799 F.2d at 519)).  The potential impact to the proceeds of Home Tax's D&O Insurance here makes clear that removal is appropriate.  This Action should be heard and proceed, if at all, before the Northern District Bankruptcy Court where the Chapter 11 Cases are pending.[5]

13.     The Action further involves the Debtor, rendering removal even more proper, whereas Plaintiff alleges that Home Tax had entered into a contract for Natoma Property's management, but the Natoma Property "was not properly maintained."  Compl. ¶¶ 2, 7.  Plaintiff also specifically alleges a nexus with the Debtor in that Plaintiff claims the improper maintenance arose from, *inter alia*, the departure of the Debtor's officer from his position before any part of the Debtor's property management team responded to the Central Valley Water Board's July 10, 2024 letter.  *Id.* ¶¶ 8–10.

14.     In the face of such allegations, Home Tax's rights and interests are clearly implicated.  While Home Tax would vigorously contest such an argument, Plaintiff's allegations

---

to manage [the Natoma Property]" and "was required to designate and have a California licensed real estate agent broker to serve as a property manager." *Id.* ¶¶ 2–3.

[4] While Home Tax disputes as much, Plaintiff also alleges that the rest of Home Tax's property management team, "each of said fictitiously named DOES[,] is in some manner responsible for the events and occurrences herein, and was an actual, proximate, and substantial cause of the injuries to Plaintiff." Compl. ¶ 13.

[5] This Action also directly involves Home Tax on the separate basis that Mr. Wellisch was not an officer of Home Tax before the filing of the Chapter 11 Cases.  In particular, Mr. Wellisch was not an officer of Home Tax during July of 2024, when the Central Valley Water Board allegedly sent its letter.  Compl. ¶¶ 8–10.  Accordingly, the claims asserted against Mr. Wellisch are actually claims against Home Tax on that independent ground.

of the officer role of Mr. Wellisch and the fictitious DOES 1 to 20, as well as Home Tax's alleged property management contract and obligation to retain a real estate broker, *id.* ¶¶ 2–3, strongly suggest that Plaintiff may assert vicarious liability against the Debtor. Moreover, any adverse or inconsistent findings as to Mr. Wellisch and/or the fictitious DOES 1 to 20 might pose a risk of prejudice to Home Tax in a future proceeding. Home Tax is accordingly entitled to remove.[6]

15. Additionally, the involvement of the Natoma Property in the Chapter 11 Cases, based on the related and already stayed Partition & Sale Action, serves as another ground for the removal – and transfer – of this Action.

III.     **NOTICE OF REMOVAL**

16. The Debtor will give notice of removal to each of the following:

Superior Court of California, County of Sacramento
Gordon D. Schaber Sacramento County Courthouse
720 9th Street
Sacramento, California 95814

Counsel for Plaintiff:
Gomez Law Group
2725 Jefferson Street, Suite 3
Carlsbad, California 92008
Attn: Alvin M. Gomez
alvingomez@thegomezlawgroup.com
David Finn
david@thegomezlawgroup.com
Boris Smyslov
boris@thegomezlawgroup.com

Mr. Wellisch:
1230 Rosecrans Avenue
Suite 300-PMB928
Manhattan Beach, CA 90266

Counsel for Mr. Mattson:
Randy Sue Pollock
286 Santa Clara Avenue
Oakland, CA 94610
rsp@rspollocklaw.com

---

[6] Home Tax is not only entitled to remove, but should do so promptly. *See, e.g.*, *La Russo v. St. George's Univ. Sch. of Med.*, 747 F.3d 90, 96 (2d Cir. 2014) ("real party defendant in interest is not only entitled to remove, but, if it seeks removal, it must act promptly").

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

Counsel for KSMP:
Hogan Lovells US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Attn: Richard L. Wynne
richard.wynne@hoganlovells.com
Erin N. Brady
erin.brady@hoganlovells.com
Edward J. McNeilly
edward.mcneilly@hoganlovells.com

17. The Debtor will serve a copy of this Notice of Removal on Plaintiff and Mr. Wellisch at the addresses set forth above and will promptly file a copy with the Clerk of the Superior Court of the State of California, County of Sacramento, as required by Federal Rule of Bankruptcy Procedure 9027(b).

18. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), attached as **Exhibits A, B, C, D, E,** and **F** are true and correct copies of all process, pleadings, motions, and orders obtained from the Superior Court's file in the Action at the time of this Notice.

19. Pursuant to 28 U.S.C. § 1452(a), removal of the Action is proper on the grounds that the claims raised in the Action arise under title 11 of the United States Code, arise in a case under title 11 of the United States Code, or otherwise are related to a case under title 11 of the United States Code, such that federal jurisdiction exists pursuant to 28 U.S.C. § 1334(b).

20. The Action is not a proceeding before the United States Tax Court.

21. The Action is not a civil action by a government unit to enforce its police or regulatory power.

22. This Court has jurisdiction over the Action pursuant to 28 U.S.C. § 1334(b).

23. Venue is proper in this Court under 28 U.S.C. § 1452(a), because this Court is the Bankruptcy Court located in the District where the Action was formerly located (Sacramento County).

24. Pursuant to General Order No. 223, entered October 22, 1987, by the United States District Court for the Eastern District of California, this Notice is automatically referred to this

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

Bankruptcy Court pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure and General Order No. 182, and, therefore, should be filed in this Bankruptcy Court.

25.    Upon transfer to the Northern District Bankruptcy Court, the Debtor will consent to entry of final orders or judgment by the Northern District Bankruptcy Court.

## IV.    TRANSFER POST-REMOVAL IS A FURTHER BASIS FOR REMOVAL

26.    The Debtor intends to file a motion to transfer this Action to the Northern District Bankruptcy Court overseeing the Chapter 11 Cases.  The basis for a transfer from this Court to the Northern District Bankruptcy Court is likewise relevant to this Notice of Removal, in that it reflects the necessity of the Debtor's involvement in the Action, which as a practical matter should occur in the Northern District Bankruptcy Court for the convenience of the parties, efficiency for the estate, and the interests of justice.

27.    The parties and this Court should seek to avoid duplicative litigation and inconsistent results regarding the Chapter 11 Cases.  Such undesirable outcomes could result if this case were permitted to proceed before the Superior Court while the related Partition & Sale Action against KSMP, concerning the same Natoma Property, remains stayed pending further direction of the Northern District Bankruptcy Court.

28.    The Debtor will further address the factors supporting the transfer of venue in more detail in the Debtor's forthcoming motion to transfer venue to the Northern District Bankruptcy Court.

Dated: November 17, 2025

KELLER BENVENUTTI KIM LLP

By: _____
     Gabrielle L. Albert

*Attorneys for Debtor Home Tax Service of America, Inc.*

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104